**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

IDA JO TOCCO                                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 5:10CV-111-R

ROBERT D. MATTINGLY, JR.                                                                          DEFENDANT

### MEMORANDUM OPINION

Plaintiff Ida Jo Tocco, acting without the assistance of counsel, filed this "confirmed complaint of malpractice" against Calloway County Family Court Judge Robert D. Mattingly. Plaintiff alleges that this Court has jurisdiction under "Title 28 U.S.C. §§§ 2671, 1346(b)(1) & 1331" based on Defendant's alleged acts of "legal malpractice" in adjudicating her state court case. Because the Court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."

*Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

### 28 U.S.C. § 2671

This statute is part of the Federal Tort Claims Act (FTCA). The FTCA authorizes claims against the United States, for money damages caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. "Employee of the Government" is defined to include only officers and employees of *federal* agencies. It does not encompass state employees or officers. Plaintiff identifies Defendant as a state family court judge. Because the Colloway County Family Court is not a federal agency, this statute does not cover him.

### 28 U.S.C. § 1346(b)(1)

This statute provides:

> (b) (1) Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* This action is not against the United States. And, as stated above, Defendant is not an officer or employee of a federal agency. As such, this section is also inapplicable.

### 28 U.S.C. § 1331

This statue states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law for purposes of exercising federal question jurisdiction if the "well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Legal malpractice is a state law claim. It does not arise under or implicate matters of federal law. *See, e.g.*, *Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*, 666 F. Supp. 2d 749 ( E.D. Mich. 2009). Thus, § 1331 does not supply a basis for subject matter jurisdiction either.

## 28 U.S.C. § 1332

A federal court may exercise subject matter jurisdiction over an action involving a purely state law cause of action:

> (a) . . . where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Here, both Plaintiff and Defendant are citizens of Kentucky. Therefore, this section does not provide a basis for the Court to exercise subject matter jurisdiction over this action.

## Absolute Judicial Immunity

Even if the Court did have subject matter jurisdiction, Plaintiff's claims would be subject to dismissal for failure to state a claim upon which relief can be granted because in Kentucky judges are absolutely immune from suit for all judicial actions taken in exercising their lawful jurisdiction regardless of whether the actions were in error or malicious. *See Henry v. Wilson*, 249 Ky. 589 (Ky. 1933).

For the reasons set forth above, the Court will enter a separate Order of dismissal.

Date:

cc:    Plaintiff, *pro se*
4413.008